IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMIAH MOORE, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-0647 |
| | : | |
| EDWIN PEREZ, *et al.* | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                                                  **March 25, 2025**

Jeremiah Moore filed this civil rights action against two Philadelphia police officers, Edwin Perez and Ismael Cadelaria, III, alleging they subjected him to an illegal search. Moore also seeks leave to proceed *in forma pauperis*. The Court will grant leave to proceed *in forma pauperis*. However, because the underlying criminal charges against Moore remain pending, the Court will abstain from considering this case and will stay it pending the resolution of Moore's criminal case.

**I.     FACTUAL ALLEGATIONS**[1]

Moore alleges Perez and Cadelaria approached him while he was seated on the porch of a friend's house. Compl. at 2. Perez questioned him about a disturbance in the area, asked him if he had a firearms license, and asked to search him, which Moore refused. *Id*. Perez walked away but returned moments later and attempted to contact a person who had placed a 911 call. *Id*. After the attempt failed, Perez and Cadelaria entered the property allegedly without a warrant, the consent of the property owner, or the consent of the occupants of the property; demanded that

---

[1] The factual allegations are taken from Moore's Complaint. ECF No. 1. The Court adopts the sequential pagination assigned by the CM/ECF docketing system. The Court may also consider matters of public record when conducting a screening under § 1915 including prior court proceedings. *Castro-Mota v. Smithson*, No. 20-940, 2020 WL 3104775, at *1 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings).

Moore stand up so that they could frisk him; and recovered a 9mm handgun and marijuana from his person. *Id*. at 2-3. Moore was arrested for carrying a firearm without a license and in public. *Id*. at 3. The arrest caused him to pay $1,200 to bond out of jail, "lose his place" and drop out of school, and lose progress in starting a business. *Id*. He asserts claims pursuant to 42 U.S.C. § 1983 based on an illegal search and unlawful arrest due to the illegal search, for which he seeks money damages and "the revoking of any punishment imposed in the criminal court." *Id*.

Public records indicate that Moore was charged with possession of a firearm by a prohibited person, carrying a firearm without a license, and carrying a firearm in public. *Commonwealth v. Moore*, CP-51-CR-0005300-2023 (C.P. Philadelphia). Those charges remain pending.

**II.   STANDARD OF REVIEW**

The Court grants Moore leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation*

*on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). However, unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*

**III.    DISCUSSION**

Because Moore's criminal charges remain pending, the Court must abstain from considering his civil rights action. Abstention "is a judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*). "*Younger* abstention is only appropriate in three types of underlying state cases: (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function." *PDX N., Inc. v. Comm'r New Jersey Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (internal quotations omitted).

*Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware Cnty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. *Id.*

3

The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989); *see also Malhan v. Sec' y United States Dep' t of State*, 938 F.3d 453, 461 (3d Cir. 2019) (citing *Sprint Commc' ns, Inc. v. Jacobs*, 571 U.S. 69, 77-78 (2013)).

The *Younger* requirements are clearly met in this case.[2] First, Moore's criminal proceeding is still pending. Second, the state proceedings implicate the important interest of enforcing the Commonwealth's criminal laws. Third, the criminal proceedings provide Moore an adequate opportunity to argue in the state forum that the charges should be dismissed because the actions of Perez and Cadelaria violated his Fourth Amendment rights. This Court may assume that the state procedures will afford him an adequate remedy. *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff."). Accordingly, it is appropriate to abstain from entertaining the Complaint out of deference to the state judicial process. *Accord Ellis v. Mondello*, No. 05-1492, 2005 WL 1703194, at *3 (D.N.J. 2005) ("[A]ssuming the criminal action is still pending in a state trial or appellate court, review of the state court proceedings would be barred; a district court cannot interfere in a pending state criminal action in order to consider issues that a plaintiff can raise there.").

### IV.   CONCLUSION

---

[2]   Exception to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53-54. The exceptions are to be narrowly construed. *Hall v. Pennsylvania*, No. 12-2373, 2012 WL 5987142, *2 (M.D. Pa. 2012) (citing *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)). There is no indication that any of these exceptions apply.

5

Because Moore's criminal charges arise from the incident that forms the basis of his civil rights claims, his civil case must be stayed pending the resolution of the charges.  Should the criminal charges be dismissed or otherwise resolve in Moore's favor, he may file a motion to vacate the stay.  An appropriate Order will be entered.

BY THE COURT:

<u>/s/ Juan R. Sánchez</u>
Juan R. Sánchez, J.